UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HERBERT ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-00523-JMS-KMB |
| | ) | |
| WENDY KNIGHT, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**Order Denying Petition for Writ of Habeas Corpus**

Herbert Ross was punished through the Indiana Department of Correction's Disciplinary Code for conspiring to traffic. In this petition for writ of habeas corpus, he raises various challenges to his punishment. Because there is some evidence in the record to support the finding of guilt, and Mr. Ross alleges no other violation of due process, the petition for writ of habeas corpus is **DENIED**.

### I.  Applicable Law

Prisoners in state custody may not be deprived of good-time credits or of credit-earning class without due process. *Ellison v. Zatecky,* 820 F.3d 271, 274 (7th Cir. 2016); *Scruggs v. Jordan,* 485 F.3d 934, 939 (7th Cir. 2007); *see also Rhoiney v. Neal,* 723 F. App'x 347, 348 (7th Cir. 2018). The due process requirement is satisfied with: 1) the issuance of at least 24 hours advance written notice of the charge; 2) a limited opportunity to call witnesses and present evidence to an impartial decision-maker; 3) a written statement articulating the reasons for the disciplinary action and the evidence justifying it; and 4) "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *see also Wolff v. McDonnell,* 418 U.S. 539, 563-67 (1974).

## II. Mr. Ross's Disciplinary Proceeding

According to a conduct report, Mr. Ross wrote a letter to Mike Creecy in Orlando, Florida. Dkt. 10-1. In the letter, Mr. Ross wrote, "look bro I need you, the Ali Baba situation bro can you snatch up 15–20 what we was looking at that one time. I am adding your number to the list the first week of Nov. So I will call. But I don't trust anybody up here with that info—or way—that's my way to cook food. I need you Bro. We can send it to Carlethea—she is on the team." *Id.* at 4. The intelligence analyst who wrote the conduct report explained that Mr. Ross was using code in his letter and actually was requesting Mr. Creecy to provide him with between fifteen and twenty suboxone[1] strips. *Id.* at 1.

The conduct report was signed October 29, 2021. A screening officer delivered a copy of the conduct report to Mr. Ross on November 2, 2021, the same day it was screened. Mr. Ross pled not guilty, requested a lay advocate, and stated that he would take a letter to the hearing. Dkt. 10-4.

At his hearing, Mr. Ross told the disciplinary hearing officer, "I was asking him to send pictures not suboxone." Dkt. 10-6. The disciplinary hearing officer found Mr. Ross guilty of conspiring to traffic and ordered, among other things, a 180-day deprivation of earned credit time and a one-step credit class demotion. *Id.* The hearing officer explained the decision: "It is more likely than not that the offender was referring to contraband with the way he was referring to food and not trusting anyone here. It is not likely to be referring to pictures." *Id.*

In his appeal to the facility head, Mr. Ross wrote that the letter did not refer to suboxone strips and that he was asking Mr. Creecy to send pictures to Mr. Ross's son's mother, Carletha, so she could send them to Mr. Ross on his tablet. Dkt. 10-8 at 1. The warden denied the appeal, and so did the appeal review officer. Dkt. 10-9; dkt. 10-11.

---

[1] "Buprenorphine, the primary drug component in Suboxone, is a Schedule III controlled substance" under Indiana law. *Dollard v. Whisenand*, 946 F.3d 342, 348 (7th Cir. 2019).

### III.  Discussion

The only specific due process violation Mr. Ross alleges is sufficiency of the evidence. *See* dkt. 1 at 4 (Mr. Ross listing two grounds for relief: (1) "The [disciplinary hearing board] violated his right to due process" and (2) "The evidence was insufficient").

Due process "requires only a modicum of evidence demonstrating that a decision to revoke good-time credits is not arbitrary." *Burkett v. Sevier*, 819 F. App'x 434, 436 (7th Cir. 2020). A conduct report alone may be enough. *Isby-Israel v. Finnan*, 347 F. App'x 253, 254 (7th Cir. 2009); *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

Mr. Ross was found guilty of conspiracy to traffic. Trafficking is defined as "Giving, selling, trading, transferring, or in any other manner moving an unauthorized physical object to another person; or receiving, buying, trading, or transferring; or in any other manner moving an unauthorized physical object from another person without the prior authorization of the facility warden or designee." Dkt. 10-2. "Conspiracy/Attempting/Aiding or Abetting" is defined as "Attempting by one's self or with another person or conspiring or aiding and abetting with another person to commit any Class A offense." *Id.* The disciplinary code further defines conspiracy as "Two (2) or more offenders or other persons planning or agreeing to commit acts which are prohibited by Department or facility rule, procedure or directive." Dkt. 10-3.

The evidence here indicates that Mr. Ross made a request for Mr. Creecy to send him "15−20 what we was looking at that one time." Dkt. 10-1 at 4. Mr. Ross also asked Mr. Creecy to use an intermediary, Carlethea, who was "on the team." *Id.* The use of coded language and an intermediary supports the intelligence analyst's interpretation of the letter as an attempt by Mr. Ross to import unauthorized physical objects into the prison.[2] *See* dkt. 10-1.

---

[2] The Court need not determine whether the items Mr. Ross requested were suboxone strips or some other unauthorized physical objects.

3

Mr. Ross does not dispute that he was requesting Mr. Creecy to send him something. He contends only that he was asking for pictures, not suboxone. Dkt. 10-6; dkt. 10-8 at 1. But it is not the Court's job "to assess the comparative weight of the evidence underlying the disciplinary board's decision." *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000); *see Rhoiney v. Neal*, 723 Fed. App'x 347, 348 (7th Cir. 2018) (after finding some evidence to support the finding of guilt, a court may not "look to see if other record evidence supports a contrary finding").

Mr. Ross compares this case to *Williams v. Superintendent*, where the Court found insufficient evidence to support an attempted trafficking violation. No. 1:17-cv-02801-JMS-MJD, 2018 WL 656347 (S.D. Ind. Feb. 1, 2018). But in *Williams*, there was no evidence to support a finding that the petitioner asked an outside party to engage in trafficking as opposed to some other illicit or questionable activity:

> While the reporting officer stated in the conduct report that Mr. Williams was using coded language to 'arrange illegal transactions,' the officer's statement is not evidence that the transactions Mr. Williams was arranging involved bringing items into or out of the prison. The hearing officer suggested several possible meanings of the coded language: "These codes are deceptive and commonly utilized by offenders to make arrangements concerning illegal narcotics, contraband as well as the transferring of money for the items described." Given the array of possible meanings, Mr. Williams may have been urging his mother to assist him with the sale of illegal narcotics outside the prison or with other unauthorized financial transactions, but that is not what he was charged with. There are no facts in the conduct report or the call transcripts that support that Mr. Williams conspired to have someone bring an item into or out of the facility, as the definition of trafficking requires.

*Id.* at *2.

Here, in contrast, the intelligence analyst offered a far more specific interpretation of Mr. Ross's request: he was asking for suboxone to be sent to him in prison so he could sell it and purchase food. Dkt. 10-1 at 1. The disciplinary hearing officer credited this interpretation and

4

discredited Mr. Ross's alternative explanation. Dkt. 10-6. It is not for the Court to reweigh the evidence and reach its own conclusion. *Webb*, 224 F.3d at 652.

Mr. Ross has therefore failed to show a denial of due process that would support a grant of habeas relief.

### IV.   Conclusion

The petition for writ of habeas corpus is **denied**. Final judgment shall now enter.

**IT IS SO ORDERED.**

Date: 4/3/2023

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email

HERBERT ROSS
110501
PENDLETON - CORRECTIONAL INDUSTRIAL FACILITY
CORRECTIONAL INDUSTRIAL FACILITY
Inmate Mail/Parcels
5124 West Reformatory Road
PENDLETON, IN 46064